IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

RONNIE CANTRELL,

   Plaintiff,

  v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

   Defendant.

CIVIL ACTION

NO. 1:05-CV-938-GGB

## **FINAL ORDER**

Through counsel, Plaintiff Ronnie Cantrell ("Plaintiff") brings this action pursuant to the Social Security Act, 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's application for a period of disability and for disability insurance benefits.

Plaintiff applied for benefits on November 20, 2001. The Social Security Administration ("SSA") denied his application initially and on reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"), and one was held on May 29, 2003. On January 29, 2004, the ALJ issued a decision denying Plaintiff's claims. Thereafter, Plaintiff obtained new counsel and requested Appeals Council review, submitting new evidence to the Appeals Council. The Appeals Council denied

AO 72A
(Rev.8/82)

Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.

Plaintiff exhausted his administrative remedies, and this case is ripe for judicial review. The parties have consented to jurisdiction before a United States Magistrate Judge. (Doc. 9). For the reasons stated below, the Commissioner's final decision denying Plaintiff's application for a period of disability and disability insurance benefits is **REVERSED and REMANDED** with instructions to remand the matter to the ALJ to (1) consider the additional evidence submitted by Plaintiff to the Appeals Council and (2) complete a psychiatric review technique form, as required by 20 C.F.R. § 404.1520a.

I.   **FACTS**

Plaintiff, who completed school through the tenth grade, was 50 years old at the time of the administrative hearing. (Administrative Record ("AR") at 262, 265). He had worked previously as a construction worker. (Id. at 68-73). He alleged that he became disabled in December 2000 due to difficulty breathing, abdominal pain, chest pain, and a fast heartbeat. (Id. at 50, 62).

### A.     Medical Evidence Submitted to the ALJ

The medical evidence that was submitted to the ALJ is not at issue. Moreover, as the parties do not challenge the ALJ's summary of the medical evidence before him, the undersigned adopts the summary of the medical evidence in the ALJ's decision. (See id. at 16-18). Plaintiff neither presented evidence of a mental impairment to the ALJ nor alleged to the ALJ that he suffered from a mental impairment. (See id.; Doc. 8 at 5; Doc. 10 at 4).

### B.     Plaintiff's Hearing Testimony

Plaintiff's administrative hearing was held on May 29, 2003. (Id. at 257). Plaintiff testified, inter alia, that he had stopped working due to shortness of breath, fullness in his chest, heart problems, dizziness, and difficulty walking for long distances. (Id. at 266-68, 270-72, 276-78). Plaintiff's testimony did not include mention of any mental impairment. (See id. at 262-81).

### C.     Vocational Expert's Hearing Testimony

A vocational expert ("VE") testified that he had been present throughout the hearing, and he identified Plaintiff's past relevant work and skills. (Id. at 281-82). The ALJ then posed to the VE a series of questions regarding a hypothetical person of

3

Plaintiff's age, education level, and work experience. (See id. at 282-84). In sum, the VE opined that such a hypothetical person who could lift and carry 20 pounds occasionally and lesser amounts more frequently for six hours during an eight-hour workday, and who could not be exposed to excessive amounts of dust, fumes, and smoke, could not perform Plaintiff's past work; however, he could perform light, unskilled jobs such as an assembler of small parts, an inspector, or a cashier. (Id. at 282-83). The VE added that if such a hypothetical person had to lie down twice during the day or was unable to comply with attendance requirements, he would not be able to perform those light, unskilled jobs. (Id. at 283-84).

### D. ALJ's Findings

In pertinent part, the ALJ found that Plaintiff suffered from chronic obstructive pulmonary disease and congestive heart failure and could not perform any of his past relevant work. (Id. at 22-23). Nevertheless, the ALJ determined that Plaintiff had the residual functional capacity to perform light work and was not under a "disability" as defined in the Social Security Act. (Id. at 23).

### E. Additional Evidence Submitted to the Appeals Council

Plaintiff hired a new attorney and requested review of the ALJ's decision. (See id. at 10, 195). Plaintiff submitted the following additional evidence to the Appeals

4

Council: (1) Plaintiff's medical records from Grady Memorial Hospital for March 8, 2002 through September 9, 2004; (2) a psychological evaluation and a medical assessment of ability to do work-related activities by Dr. Terry Orme, a clinical psychologist, dated November 9, 2004, diagnosing Plaintiff with mood disorder and low intellectual functioning; and (3) Plaintiff's 1966-1970 school records from the Atlanta Board of Education showing low standardized test scores and an IQ of 77. (Id. at 7, 198-256).

Dr. Orme's psychological evaluation of Plaintiff reflected a verbal IQ of 86, a performance IQ of 62, and a full-scale IQ of 73. (Id. at 202). On the WRAT-3 (Wide Range Achievement Test), Plaintiff tested at a high school level in reading and at a fifth grade level in arithmetic. (Id. at 203). Dr. Orme diagnosed Plainitff with "293.83 Mood disorder due to multiple physical impairments."[1] (Id.). In pertinent part, Dr. Orme summed up his evaluation by stating that Plaintiff "reports that activities of daily living are severely restricted due to his debilitated state and his depressed mood. . . .

---

[1] The Diagnostic and Statistical Manual of Mental Disorders (4th Ed. 2000) ("DSM-IV") defines disorder 293.83, Mood Disorder Due to a General Medical Condition, as "a prominent and persistent disturbance in mood that is judged to be due to the direct physiological effects of a general medical condition. The mood disturbance may involve depressed mood; markedly diminished interest or pleasure; or elevated, expansive, or irritable mood." DSM-IV at 401; see generally id. at 401-405.

5

Mental status evaluation . . . was suggestive of a very depressed and withdrawn individual. . . . Testing was suggestive of . . . borderline range of adult intelligence. . . . He did demonstrate some facility in terms of reading which he states is his one pleasure and activity." (Id. at 204).

Dr. Orme assessed Plaintiff's ability to do work-related activities as "fair" or better in a majority of categories; however, he indicated that Plaintiff's ability was "poor" in the following categories: deal with work stresses, maintain attention/concentration, understand and remember complex job instructions, maintain personal appearance, behave in an emotionally stable manner, and relate predictably in social situations. (Id. at 205-06).

Plaintiff urged the Appeals Council to remand the case to the ALJ for consideration of this additional evidence. (Id. at 199).

### F. Appeals Council's Determination

The Appeals Council incorporated the additional evidence into the administrative record. (See id. at 7). Nevertheless, the Appeals Council summarily denied Plaintiff's request for review, and the ALJ's decision thus became the final decision of the Commissioner. (Id. at 4).

## II.   THE PARTIES' POSITIONS

Plaintiff contends that the Appeals Council erred by (1) denying review in light of the additional evidence that he submitted and (2) failing to complete a psychiatric review technique form as required by 20 C.F.R. § 404.1520a.  (Doc. 8 at 11-20).  The Commissioner responds that her decision to affirm the ALJ's determination and deny benefits was supported by substantial evidence.  (Doc. 10 at 3-17).

## III.   DEFINITION OF "DISABILITY" AND BURDEN OF PROOF

An individual is considered disabled for purposes of disability benefits if he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The impairment or impairments must result from anatomical, psychological, or physiological abnormalities which are demonstrable by medically accepted clinical or laboratory diagnostic techniques and must be of such severity that the Plaintiff is not only unable to do his previous work, but cannot, considering age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.    42 U.S.C.

7

§ 423 (d)(2),(3).

The burden of proof in a disability case is divided between the Plaintiff and the Commissioner.  The Plaintiff bears the initial burden of establishing the existence of a disabling condition by demonstrating that he is unable to perform his former type of work.  Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983).  Once the Plaintiff has met this burden, the burden of production shifts to the Commissioner to show that, considering the Plaintiff's age, education, work experience, and impairment, other jobs exist in the national economy that the Plaintiff can perform.  See Boyd, 704 F.2d at 1209.  The overall burden of persuasion, however, remains with the Plaintiff to prove that he is unable to perform any of the jobs suggested by the Commissioner.  See id.

## IV.   STANDARD OF REVIEW

In reviewing the Commissioner's decision, this court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991).  The court's only role is to determine whether the Commissioner applied the proper legal standards and whether substantial evidence exists in the record to support the Commissioner's findings. Walden v. Schweiker, 672 F.2d 835 (11th Cir. 1982); 42 U.S.C. § 405(g).  "Substantial

8

evidence" means such "relevant evidence as a reasonable mind might accept as adequate to support a conclusion." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). It may be present even if a preponderance of the evidence weighs in favor of the Plaintiff. Barnes, 932 F.2d at 1358.

This standard of review, however, does not "relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether the substantial evidence supports each essential administrative finding." Walden, 672 F.2d at 838. Indeed, "[i]t is incumbent upon the reviewing court to examine the findings and decisions of the [Commissioner] in light of the record in its entirety, not only that evidence which supports the decision." Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

In contrast to the Commissioner's findings of fact, no presumption of validity attaches to the Commissioner's application of the law. Lamb, 847 F.2d at 701. "A determination that is supported by substantial evidence may be meaningless . . . if it is coupled with or derived from faulty legal principles." Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983). Thus, the Commissioner must "apply the correct law" and, importantly, must also "provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted . . . ." Keeton v.

9

Department of Health and Human Services, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing Cornelius v. Sullivan, 936 F.2d 1143, 1146 (11th Cir. 1991)); see also Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981) (the ALJ must "state specifically the weight accorded to each item of evidence and why he reached that decision. In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence"); Owens v. Heckler, 748 F.2d 1511, 1514 (11th Cir. 1984) (the Commissioner must engage in "reasoned decision making"); Ryan v. Heckler, 762 F.2d 939, 941-42 (11th Cir. 1985) (the ALJ must "state with sufficient clarity the legal rules being applied and the weight accorded the evidence considered").

## V.     DISCUSSION

Plaintiff contends that, although the Appeals Council's boilerplate language said that it considered the additional evidence that was submitted to it, it erred by not making findings or engaging in reasoned analysis of the additional evidence. Thus, the Plaintiff appeals the decision of the Appeals Council to deny review and raises the issue of whether the Appeals Council correctly determined if the additional evidence was new and material. The Commissioner responds that the Appeals Council considered the

10

additional evidence but properly declined Plaintiff's request for review because the additional evidence was not material to the ALJ's decision to deny benefits.

"When evidence has been presented to the [Appeals Council] that was not presented to the ALJ . . . the new evidence is part of the record on appeal." Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998). "If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b). In reviewing the Appeals Council's denial of review in cases such as this one, courts must "look at the pertinent evidence to determine if the evidence is new and material, the kind of evidence the [Appeals Council] must consider in making its decision whether to review an ALJ's decision." Falge, 150 F.3d at 1324.

Contrary to the Commissioner's assertion that Plaintiff's additional evidence should be rejected because he did not show good cause for his failure to submit such evidence prior to the ALJ's decision (see Doc. 10 at 4-7), the Eleventh Circuit's opinion in Falge clarifies that a showing of good cause is not required here. See Falge, 150 F.3d at 1324. Falge identifies two circumstances in which a reviewing court would consider evidence submitted the Appeals Council but not to the ALJ: (1) where the

11

claimant meets the requirements for a remand under the sixth sentence of 42 U.S.C. § 405(g) on the basis of new evidence and can show good cause for the failure to introduce the evidence before the ALJ; and (2) where the claimant appeals the decision of the Appeals Council to deny review and raises the issue of whether the Appeals Council correctly determined if the evidence was new and material. Id. at 1323-24. In this case, given that the Plaintiff is appealing the decision of the Appeals Council to deny review and raising the issue of whether the Appeals Council correctly determined if the evidence was new and material (see Doc. 8 at 11-13), he need not show that there was good cause for his failure to submit the additional evidence to the ALJ.[2]

Here, the Commissioner does not contest that the additional evidence submitted to the Appeals Council was "new" within the meaning of 20 C.F.R. § 404.970(b). Thus, the only issue before this court is whether the addition evidence is "material." Evidence is "material" if "it is relevant and probative so there is a reasonable possibility

---

[2] Even assuming arguendo that a showing of good cause is required in this situation, Plaintiff arguably had good cause for submitting Dr. Orme's evaluation and assessment to the Appeals Council rather than the ALJ. See Caulder v. Bowen, 791 F.2d 872, 878 (11th Cir. 1986) ("Nonexistence of the evidence at the time of the administrative proceedings may constitute good cause."); Cherry v. Heckler, 760 F.2d 1186, 1192 (11th Cir. 1985) (same). Dr. Orme's evaluation and assessment were completed after the ALJ made his decision.

12

that it would change the administrative outcome." Caulder v. Bowen, 791 F.2d 872, 877 (11th Cir. 1986).

Having conducted the review requested by Plaintiff, the court finds that the additional evidence presented to the Appeals Council is "material" within the meaning of 20 C.F.R. § 404.970(b), as there is a reasonable possibility that such evidence would change the administrative result.

First, there is a reasonable possibility that the Commissioner's review of the additional evidence would have established that Plaintiff had a presumptive disability under 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.05(C). "To establish a disability under section 12.05(C), a claimant must present evidence of a valid verbal, performance, or full-scale I.Q. score of between 60 and 70 inclusive, and of a physical or other mental impairment imposing additional and significant work-related limitation of function." Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992). "Generally, a claimant meets the criteria for presumptive disability under section 12.05(C) when the claimant presents a valid I.Q. score of 60 to 70 inclusive, and evidence of an additional mental or physical impairment that has more than 'minimal effect' on the claimant's ability to perform basic work activities." Id. (citation omitted). Here, Plaintiff's additional evidence included a performance IQ of 62. (AR at 203). This IQ score,

13

coupled with the ALJ's findings that Plaintiff suffered from chronic obstructive pulmonary disease and congestive heart failure and could not perform any of his past relevant work (id. at 22-23), creates at least a plausible possibility that the administrative result would have differed had the Appeals Council granted review.

Second, the additional evidence submitted by the Plaintiff documents two significant impairments that were not considered by the ALJ: Plaintiff's mood disorder (and its various effects on Plaintiff's ability to perform work-related activities) and his ability to perform only fifth-grade level arithmetic. Of note, Dr. Orme determined that that Plaintiff had "poor" ability to deal with work stresses, maintain attention/concentration, understand and remember complex job instructions, maintain personal appearance, behave in an emotionally stable manner, and relate predictably in social situations. (Id. at 205-06). The court finds that there is a reasonable possibility that these additional impairments, in combination with the ALJ's findings, would have swayed the ALJ's decision. Cf. Walker v. Bowen, 826 F.2d 996, 1001 (11th Cir. 1987) (finding that it is the ALJ's duty to decide whether the claimant's combined impairments cause him to be disabled); Bowen v. Heckler, 748 F.2d 629, 634-35 (11th Cir. 1984) (requiring the Commissioner to consider the combined effect of all of a claimant's impairments).

14

The court rejects the Commissioner's assertion that the additional evidence that Plaintiff submitted to the Appeals Council was not material in that it was not relevant to the period considered by the ALJ, at least insofar as the Commissioner's assertion pertains to Dr. Orme's psychological evaluation and medical assessment and Plaintiff's 1966-1970 school records.  (See Doc. 10 at 7, 11).  Such evidence documents, inter alia, Plaintiff's low IQ and his mood disorder due to his multiple physical impairments, which are both conditions that may reasonably be assumed to have existed during the period considered by the ALJ.  See Hodges v. Barnhart, 276 F.3d 1265 (11th Cir. 2001) (holding that IQ tests create a rebuttable presumption of a fairly constant IQ throughout a claimant's life); (AR at 201 (stating that Plaintiff had been in bad physical health for the previous 8 to 10 years)).  Accordingly, such evidence is relevant to the period considered by the ALJ.

Accordingly, for the above reasons, the Appeals Council erred in denying Plaintiff's request for review.[3]

---

[3] Having found reversal and remand appropriate for these two reasons, the court declines to address the remainder of Plaintiff's arguments regarding the materiality of the additional information that he submitted to the Appeals Council.  (See Doc. 11 (Plaintiff's Reply) at 5).

15

Given that this case is to be reversed and remanded, this court need not reach the issue of whether the Appeals Council erred by failing to complete a psychiatric review technique form as required by 20 C.F.R. § 404.1520a.  See Moore v. Barnhart, 405 F.3d 1208, 1213-14 (11th Cir. 2005).  Instead, given that Plaintiff has presented evidence of a colorable claim of mental impairment, the court instructs that the ALJ complete a psychiatric review technique form upon remand.

## VI.    **CONCLUSION**

For the foregoing reasons, the Commissioner's final decision denying Plaintiff's application for a period of disability and disability insurance benefits is **REVERSED and REMANDED** with instructions to remand the matter to the ALJ to (1) consider the additional evidence submitted by Plaintiff to the Appeals Council and (2) complete a psychiatric review technique form, as required by 20 C.F.R. § 404.1520a.

**IT IS SO ORDERED** this 6th day of February, 2006.

                                            /s/ Gerrilyn G. Brill
                                    GERRILYN G. BRILL
                                    UNITED STATES MAGISTRATE JUDGE

T:\FINAL.SS\Cantrell.final.ord.wpd

17

AO 72A
(Rev.8/82)